# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT SMITH, | Case No. 2:22-cv-00910-GMN-DJA |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

On June 3, 2022, *pro se* Petitioner Robert Smith initiated this proceeding by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1) ("Petition").

On July 6, 2022, the Court ordered Smith to either pay the $5 standard filing fee or complete his Application to Proceed *In Forma Pauperis* (IFP) (ECF No. 1) with the required documents, including a financial certificate, no later than 45 days after the entry of that Order. (ECF No. 5.) Smith filed a letter indicating he intended to pay the filing fee. (ECF No. 3.). He also moved for an extension of time to complete his IFP application due to a delay in his receipt of his financial certificate or to pay the filing fee. (ECF No. 7.) The Court granted Smith's request for an extension of time to complete his IFP application or pay the standard filing fee and ordered him to comply by September 22, 2022. (ECF No. 8.) Smith filed a financial certificate on September 28, 2022 (ECF No. 9) and paid the standard filing fee on September 29, 2022. (ECF No. 10.) The Court will deny Smith's IFP application as moot as he paid the filing fee.

Under Habeas Rule 4, the Court must examine the Petition and order a response unless it "plainly appears" that Smith is not entitled to relief. *See also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th

Cir. 1990) (collecting cases). For the reasons discussed below, the Court will dismiss the Petition for lack of jurisdiction and direct the Clerk of Court to close this case.

Smith challenges a 1998 conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. *State of Nevada v. Robert Smith*, Case No. C128262. (ECF No. 1-1 at 2.) The current Petition is second or successive because Smith filed a prior federal petition that was decided on its merits,[1] Smith's Petition attacks the same judgment of conviction,[2] and the claims in the Petition are based on facts that had occurred by the time of the prior petition. (ECF No. 1-1 at 2); *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition.").

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the federal court of appeals for an order authorizing the federal district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667. Smith has represented that he has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second or successive petition, and the records of the Ninth Circuit reflect that he has not sought authorization. (See ECF No. 1-1 at 2.) This second or successive petition must therefore be dismissed for lack of jurisdiction.

The Court additionally notes that Smith filed a document (ECF No. 4) that contains numerous pages in which he failed to redact the following personal-data identifiers as required by the Local Rules of Practice for the United States District Court in the District of Nevada:

---

[1] The Court takes judicial notice of the August 25, 2015, order denying on the merits Smith's first federal habeas petition brought under 28 U.S.C. 2254, and the corresponding judgment, by the United States District Court in the District of Nevada, in Case No. 3:08-335-RCJ-WGC.

[2] Smith indicates in his Petition that his final judgment of conviction was entered in December of 2020 (ECF No. 1-1 at 2). It appears, however, that Smith is not referring to an amended judgment in the state district court, but to the state district court's December 16, 2020, Findings of Fact, Conclusion of Law, and Order denying relief for Smith's Second Petition for Writ of Habeas Corpus (Post-Conviction) (ECF No. 1-2 at 1, 8.)

1. Social security numbers as required by LR IC 6-1(a)(1), which states "[i]f an individual's Social Security number must be included, only the last four digits of that number should be used"; and

2. Dates of birth as required by LR IC 6-1(a)(3), which states "[i]f an individual's date of birth must be included, only the year should be used."

(*See e.g.*, ECF No. 4 at 33–34, 101, 127–31, 174–75.). LR IC 7-1 permits the Court to "strike documents that do not comply" with the Court's local rules. Accordingly, the Court will order the Clerk of the Court to strike ECF No. 4 in its entirety.

**IT IS THEREFORE ORDERED:**

3. The Clerk of Court is directed to file the Petition (ECF No. 1-1).
4. This action is dismissed without prejudice for lack of jurisdiction.
5. Smith's IFP Application (ECF No. 1, 8) is denied as moot.
6. Smith's Motion for Appointment of Counsel (ECF No. 1-3) is denied as moot.
7. The Clerk of the Court shall strike the document filed as ECF No. 4 from the Court docket.
8. Smith is denied a certificate of appealability, as jurists of reason would not find the dismissal of the Petition on jurisdictional grounds to be debatable or wrong.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.
6. The Clerk of the Court is further instructed to enter final judgment, accordingly, dismissing this action without prejudice, and close this case.

DATED: September 30, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE